# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

AMBER B. SIPPEL,
         **Plaintiff,**

      **v.**
                               **Case No. 26-CV-1143**

ABRAHAM E. HOOGSTRA, et al.,
         **Defendants.**

## DECISION AND ORDER

Amber B. Sippel alleges that her ex-husband Abraham Hoogstra, his lawyer Jeffery Morrell, and the judge presiding in the divorce and custody proceedings, violated her constitutional rights. (ECF No. 5-1.) She alleges that Judge Edelstein was biased, refused to consider certain evidence, and deprived her of a meaningful opportunity to be heard before he ordered that her visitation with her daughter be supervised.

Sippel seeks permission to procced without prepayment of the filing fee. (ECF No. 6.) Having reviewed her request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Sippel's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an

2

indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

Sippel alleges that the proceedings in Fond du Lac county circuit court case number 2022FA000077 before Judge Edelstein did not comport with due process and as a result, Judge Edelstein's decision requiring supervised visitation deprived her of her parental rights. (ECF No. 5-1.) She asks that this court vacate the child support order along with all arrearages, fees, penalties, and costs, order the reimbursement of certain child support payments, award her sole custody and placement of the child, and award her compensatory and punitive damages. (ECF No. 5-1 at 2-3.)

Federal courts have limited jurisdiction, which means they can hear only certain types of cases under specific circumstances. Whether the court has jurisdiction to hear a case is a federal court's first question in every case.

Under what courts refer to as the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), no federal court other than the United States Supreme

4

Court can review the judgment of a state court. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). The doctrine bars federal courts from not only directly reviewing a state court judgment but from considering any claim that is "inextricably intertwined" with a state court judgment. *Id.* (quoting *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021)). The doctrine applies even if the plaintiff alleges that the state proceedings were corrupt. *Id.* at 404. If there was an error in a state court proceeding, it is generally up to the state courts to correct it through, for example, the state appellate process.

If the state court proceedings are not final and thus the *Rooker-Feldman* doctrine does not apply, the *Younger* abstention doctrine will often bar a federal court from considering a claim related to an ongoing state court proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971). "The basic principle of *Younger* abstention is that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings." *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Moore v. Sims*, 442 U.S. at 423 (1979)).

If neither of these doctrines applies, a plaintiff presenting a claim regarding a divorce or child custody matter must then overcome the domestic relations exception. *See Allen v. Allen*, 48 F.3d 259, 261 (7th Cir. 1995). This longstanding rule states that "domestic disputes involving divorce, custody or alimony issues are the province of state courts" and federal courts lack jurisdiction to consider them. *Id.* (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)); *see also J.B. v. Woodard*, 997

F.3d 714, 723 (7th Cir. 2021) (noting, in part, the *Burford* abstention doctrine, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), may also bar consideration of certain domestic relations cases).

All of these doctrines and principles boil down to the general notion that, under the United States' system of dual federalism, federal courts generally do not supervise, upset, review, or otherwise interfere with the decisions of state courts.

Sippel's claims in her amended complaint are inextricably intertwined with a final state court decision. Thus, under the *Rooker-Feldman* doctrine the court lacks jurisdiction to consider her claims. Because *Rooker-Feldman* applies, it is unnecessary for the court to consider the additional jurisdictional hurdles identified above. The court must dismiss this action for lack of jurisdiction.

Nonetheless, the court will briefly note two obvious substantive problems with Sippel's claims. First, judges are absolutely immune from suits for damages related to their judicial acts. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). The allegations in the amended complaint clearly relate to Judge Edelstein's judicial acts. Thus, Sippel has not alleged a plausible claim against Judge Edelstein.

Second, 42 U.S.C. § 1983 authorizes suits against persons who act "under color of" state law to deprive persons of constitutional rights. As a practical matter, this translates into a requirement that a defendant must be a "state actor" to be liable under § 1983. Only under narrow circumstances will a private person be a state actor so as to be plausibly liable under § 1983. *See L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017). The amended complaint lacks allegations that would

6

plausibly render Sippel's former husband and his attorney state actors for purposes of § 1983.

Ordinarily, when the court dismisses an action, it will give the plaintiff at least one more opportunity to state a claim. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015). However, when it is obvious that the defects in the complaint are unlikely to be remediable through amendment, the court may simply dismiss the action. *Ronald D. Fosnight & Paraklese Techs., LLC v. Jones*, 41 F.4th 916, 925 (7th Cir. 2022) (quoting *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018)). Because there is no reason to suspect that Sippel could recraft her allegations into a plausible claim for relief over which this court has jurisdiction, the court will dismiss this action. However, because the court finds that it lacks jurisdiction, the dismissal will be without prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that the amended complaint and this action are **dismissed without prejudice** for lack of jurisdiction. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 7th day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
